UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND F. GILLEN,<br><br>Plaintiff,<br><br>v.<br><br>LINDA CASTILLO, et al.,<br><br>Defendants. | Case No. 3:13-cv-00599-MMD-VPC<br><br>ORDER |

This action was filed by a state prisoner, proceeding *pro se.* The sole document filed by plaintiff in this action is a motion "for a writ of prohibition" against state officials. (Dkt. no. 1-1.) The Clerk of Court opened the action as a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

The federal mandamus statute provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). This Court has no jurisdiction to direct a state official or a state agency under the federal mandamus statute for a violation of state law. *See Silveyra v. Moschorak*, 989 F.2d 1012, 1014; *see also Carriger v. Stewart*, 95 F.3d 755, 762 (9th Cir. 1996) (overruled on other grounds, 132 F.3d 463 (9th Cir.1997); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam) (collecting cases), *cert. denied*, 493 U.S. 1012 (1989)). Therefore, this action shall be dismissed and all pending motions are denied.

1  It is therefore ordered that this action is dismissed with prejudice.

2  It is further ordered that all pending motions are denied.

3  It is further ordered that the Clerk of Court shall enter judgment accordingly.

4  It is further ordered that this Court certifies that any *in forma pauperis* appeal
5  from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

6
7  DATED THIS 31st day of October 2013.

8
9  MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE